**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMAN PANJWANI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>  v.<br><br>MOBILEIRON, INC., et. al.,<br><br>    Defendants. | Case No. 15-cv-01984-SC<br><br>ORDER GRANTING RECONSIDERATION OF ORDER RELATING CASES |

    On September 25, MobileIron, Inc., et. al. ("Defendants") filed a motion to relate three cases to the instant case pending before the Court. ECF No. 25. On September 28, Magistrate Judge Nathanael M. Cousins <u>sua sponte</u> filed a similar motion, albeit lacking argument in support thereof. ECF No. 26. On the morning of October 1, having received no objections after waiting the normal period of at least 4 days per Local Civil Rule 7-11(b), the Court signed the order relating cases. ECF No. 30. Between the morning hour when the Court signed the order and the afternoon hour when the order was posted by Court staff, Plaintiff filed a response. ECF No. 28. Plaintiff later inquired of the Clerk on

the phone whether their response had been considered, and argued that the response was technically on time -- even early -- pursuant to the automatic extension provided by Fed. R. Civ. P. 6(d).

Upon review, Plaintiff is correct that Fed. R. Civ. P. 6(d) may provide an additional 3 days to respond where an initial motion was served via U.S. Mail, which was used here. See ECF No. 25-3 at 2. However, Rule 6(d) only applies "[w]hen a party may or must act within a specified time after service." Local Civil Rule requires a response "no later than 4 days after the motion has been filed," not after the date of service, and thus on its face does not fall under Rule 6(d). Moreover, Civil Local Rule 5-1(h)(1), Service of Electronically Filed Documents, specifies that:

> Upon the filing of a document by a party, an email message will be automatically generated by the ECF system and sent to the registered attorneys for all parties in the case. Except for electronically-filed civil complaints and case-initiating documents, which must be served manually, receipt of this message constitutes service on the receiving party.

Therefore, notice was immediately complete, not accomplished pursuant to Fed R. Civ. P. 5(b)(2)(C), and thus never subject to Fed. R. Civ. P. 6(d). Yet even without an extension, the Court is loath to deny arguments due to a technicality (such as filing an objection a day late) as doing so may unfairly prejudice the parties represented by counsel. The Court therefore takes the Plaintiff's response filed after the Court had already decided the motion but not yet posted as grounds to grant reconsideration.[1]

---

[1] In an ironic twist, after drafting this Order but before filing it, the Court received a joint motion for reconsideration by Plaintiff making arguments that their original filing was timely and that the Court should not decide a merits issue on the basis of a technicality. ECF No. 31. Per the above, the Court disagrees that the original opposition was timely but grants reconsideration.

However, upon reconsideration, the Court upholds its existing Order. All parties and the Court agree that the three other cases are related to each other. The crux of Plaintiff's argument is that while related to each other, the three other cases are not related to the instant case. In support thereof, Plaintiff correctly cites that certain specific defendants are different, that the legal basis is slightly different, and that the timeframe is slightly different.

The Court finds this unpersuasive. The defendants cited in the related cases are different to the extent necessary to capture those involved in a slightly earlier stage of the company's existence during the Initial Public offering ("IPO"). The Sections of the Securities Act of 1933 are 11, 12(a)(2) and 15 in the related actions and 10(b) and 20(a) in this action due to that same difference in stage. The timeframe at issue in the related cases is the IPO in June 12, 2014 versus misstatements made in February 2015 discovered to be false (and thus impacting stock) in April 2015. These facts could cut either way, and indeed tend to favor Defendants' argument more than Plaintiffs' argument. However, Defendants have no answer to the core of these claims: Defendants are allegedly engaging in a repeated pattern of obfuscating critical facts the public needed to know when making purchase of its stock. The Court could easily find either way with respect to whether the instant action and other three actions are indeed substantially the same parties and transactions, per Local Civil Rule 3-12. But the Court harbors no doubt that information related to one (set of) case(s) would be of interest and likely to be implicated in discovery with respect to the other case(s).

   The Court also notes that this decision poses little harm to the Defendants.  Defendants argue that there is little risk of duplicative labor or expense given (a) the differences in the cases and (b) that removal was in error.  The Court disagrees with the former (per its analysis above) and notes that if removal truly was improper -- a matter the Court in no way reaches here -- there will be no prejudice to Defendants when these cases are remanded.

   Accordingly, upon reconsideration, the Order of the Court dated October 1, 2015, ECF No. 30, stands.

   IT IS SO ORDERED.

   Dated: October 5, 2015         _____
                                  UNITED STATES DISTRICT JUDGE

4