UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALMAN PANJWANI, et al.,

Plaintiffs,

v.

MOBILEIRON, INC., et al.,

Defendants.

Case No. 15-cv-01984-VC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 39

MobileIron's motion to dismiss is granted.

Under the PSLRA's safe harbor, a "forward-looking statement" is not actionable as long as it is identified as forward-looking and "is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially" from predicted results. 15 U.S.C. § 78u-5(c)(1)(A)(i). As the plaintiffs appear to concede, the allegedly false statements from February 2015 identified in the complaint were forward-looking. *See No. 84 Emp'r-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 936 (9th Cir. 2003). Those statements were also identified by the company as forward-looking. *See* Ex. 3 at 8, Ex. 4 at 2. The only question, then, is whether those statements were accompanied by meaningful cautionary statements. They were.

Contrary to the plaintiffs' argument, the courts have interpreted the safe harbor's "meaningful cautionary statements" requirement to be very forgiving. For example, it is enough to warn investors that "comments mentioned on today's call may be deemed to contain forward-looking statements," that "[a]ctual results may differ materially from those expressed or implied, as a result of certain risks and uncertainties," and that "[t]hese risks and uncertainties are described in detail in the company's [SEC] filings." *Police Ret. Sys. of St. Louis v. Intuitive*

*Surgical, Inc.*, 759 F.3d 1051, 1059 (9th Cir. 2014) (last alteration in original); *see also In re Cutera Secs. Litig.*, 610 F.3d 1103, 1112 (9th Cir. 2010). MobileIron's cautionary language tracked this format closely. *See* Ex. 3 at 8, Ex. 4 at 2-3.

Moreover, even if the February 2015 statements somehow fell outside the safe harbor, it's difficult to see how the allegations in the complaint give rise to an inference of fraud. If anything, the complaint suggests to the contrary: it alleges that the defendants *did* identify, in February 2015, many of the problems that ultimately contributed to the company's failure to meet revenue projections for that quarter. Although the complaint asserts the defendants were aware by February 2015 that their revenue projections were no longer valid in light of the problems they disclosed, it provides no support for that assertion. For example, the complaint alleges that: (i) the defendants disclosed in February 2015 that clients "were choosing subscription services instead of perpetual"; and (ii) this "necessarily and undeniably meant lower recognized revenues in the first quarter of 2015." ¶58(b). But the second allegation does not follow from the first: the complaint does not explain how, by February 2015, the defendants' revenue projections were already false, much less "necessarily and undeniably" so. In a similar non sequitur, the complaint alleges that because MobileIron was losing deals in January 2015 and the defendants knew this, "Defendants knew for a fact that [the company's] revenues could and would not meet the February 12 forecast, and that the forecast was false." ¶58(d). But the fact that the company knew it was losing deals does not, without more, mean that it knew it would be unable to meet its revenue projections.

If the plaintiffs believe they can amend their complaint to identify actionable statements that do not fall within the PSLRA's safe harbor and that otherwise constitute securities fraud, they may do so within 21 days of this order.

**IT IS SO ORDERED.**

Dated: February 22, 2016

VINCE CHHABRIA
United States District Judge